**Michael J. KELLER, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. 86–54.

Supreme Court of Wyoming.

Aug. 27, 1986.

A.G. McClintock, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., John W. Renneisen, S. Asst. Atty. Gen., Kevin Saxby, Student Intern, and Steven E. Sumida, argued, Student Intern, for appellee.

Before THOMAS, C.J., and BROWN, CARDINE, URBIGKIT and MACY, JJ.

CARDINE, Justice.

Appellant Michael J. Keller appeals from the denial of his motion to correct sentence.

The issue in this appeal is whether Rule 15(c), W.R.Cr.P., requires a trial judge to advise a defendant that restitution may be imposed in sentencing as an element of the maximum possible penalty.

We reverse.

## FACTS

Keller was arraigned on November 30, 1984, on a charge of destruction of property in violation of § 6–3–201, W.S.1977. At the arraignment, the trial judge informed Keller of the charge and the possible penalty as follows:

"THE COURT: So, to summarize, Mr. Keller, you have been charged with the crime of destruction of property for which the possible penalty is not more than five years in the Wyoming State Penitentiary, a fine of not more than $5,000 or both. So I must be sure that you understand the charge and the possible penalty. With what have you been charged?

"DEFENDANT: I have been charged with the destruction of property, sir.

"THE COURT: What is the possible penalty for that?

"DEFENDANT: Not more than five years, sir.

"THE COURT: Anything else?

"DEFENDANT: And not more than $5,000 fine, sir.

"THE COURT: Do you have any questions about the charge and possible penalty? Do you have any questions?

"DEFENDANT: No, Your Honor.

Leonard Munker, State Public Defender, Gerald M. Gallivan, Director, argued, Wyoming Defender Aid Program, and Megan Olson, Student Intern, for appellant.

"THE COURT: Do you understand the charge against you?"

"DEFENDANT: Yes, Your Honor."

Keller pled not guilty.

On March 7, 1985, a change-of-plea hearing was held, and Keller changed his plea to nolo contendere. The possible penalty was not discussed at that hearing. The court did refer to the previous arraignment:

"Mr. Keller, do you admit that you are one and the same Michael J. Keller who was arraigned in this Court on November 30, 1984, and at that time the charges against you and your constitutional rights were explained to you?

"THE DEFENDANT: Yes, Your Honor."

At the hearing the prosecution introduced testimony as to the amount of damage caused, but restitution was not specifically discussed. After a presentence investigation, Keller was sentenced on April 30, 1985, to a term of not less than 18 months nor more than three years. In addition, he was ordered to pay restitution in the amount of $7,928.36.

Keller filed a motion to delete the order of restitution based on the theory that Rule 15(c), W.R.Cr.P., required that he be informed that payment of restitution might be part of his maximum possible sentence. A hearing was held on January 14, 1986. The judge found that Keller had been aware of the possibility of restitution, and the failure to so advise him was harmless error. The motion was denied, and this appeal ensued.

## RESTITUTION AS A PENALTY

Rule 15(c), W.R.Cr.P., provides in pertinent part:

"Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform him of, and determine that he understands, * * * [t]he nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law."

The purpose of the rule is to allow the judge to determine that the defendant entered the plea voluntarily and with an understanding of the consequences. *Hoggatt v. State*, Wyo., 606 P.2d 718 (1980); *Cardenas v. Meacham*, Wyo., 545 P.2d 632 (1976). The question here is whether the possibility of restitution is part of the maximum possible penalty.

The State argues that restitution is not a "penalty" within the scope of Rule 15. Restitution may be imposed by the court as a part of a sentence pursuant to § 6–10–110, W.S.1977, Cum.Supp.1984. When construing statutes, we follow indications of legislative intent embodied in the words of the statute. *McArtor v. State*, Wyo., 699 P.2d 288 (1985); *State, Dep't of Rev. & Tax., Motor Veh. Div. v. Andrews*, Wyo., 671 P.2d 1239 (1983). The statute says that restitution may be imposed "in addition to any other punishment prescribed by law." In the act creating § 6–10–110, the legislature expressly stated that it intended to authorize the courts to impose restitution "in addition to other punishments."[1] We next look to ascertain if punishment is a penalty envisioned by Rule 15.

The words used in a rule must be given their plain and ordinary meaning unless otherwise indicated. *City of Evanston v. Robinson*, Wyo., 702 P.2d 1283 (1985). We see no reason to depart from the ordinary meaning in this instance. Implicit in the definition of the word "penalty" is the idea of punishment. Black's Law Dictionary (5th ed. 1979); see also Webster's Third International Dictionary (1981); The American Heritage Dictionary (1982); Random House Dictionary (1966). From the viewpoint of a defendant in a criminal trial, payment of restitution is as much a penalty as payment of a fine. Both require the payment of money. Both are direct

---

1. See Preamble, Session Laws of Wyoming, 1984, ch. 27. The language of the preamble is not binding, but is worthy of consideration in determining legislative intent. *Sanchez v. State*, Wyo., 567 P.2d 270, 275 n. 3 (1977).

consequences of the plea. Both are punishments authorized by law. Restitution, therefore, is part of the "maximum possible penalty provided by law" for the purposes of Rule 15; and we hold that Rule 15(c) requires the trial judge to inform a defendant of the court's power to order restitution. The exact amount or upper limit of restitution need not be specified at the time of the plea since § 7–13–109, W.S. 1977, Cum.Supp.1985, provides that the amount of restitution is to be determined at the time of sentencing.

### HARMLESS ERROR

Rule 15 requires that a defendant be advised of the maximum penalty before the plea is accepted. The State admits in its brief that "the trial judge did not specifically mention the maximum possible sentence at the change of plea hearing, nor did he specifically mention restitution at either plea hearing." Section 6–10–110, supra, specifically says that restitution may be a part of the sentence. The record shows that appellant was not advised of the maximum possible sentence until sentence was imposed.

The State contends that this omission was harmless error since its interpretation of the record is that appellant had actual knowledge that restitution might be imposed. At the hearing for correction of sentence, the trial judge ruled that the omission of advice on restitution was harmless error since he felt that appellant was aware of the possibility that restitution would be a part of the sentence.

■ The issue here is not what appellant or his counsel may have been aware of throughout the proceedings. In *Cardenas v. Meachum*, supra, 545 P.2d at 634, we held that the record must affirmatively show that the judge has personally informed the defendant of the maximum pos-

sible penalty in order to comply with Rule 15. We reiterated this rule in *Crawford v. State*, Wyo., 701 P.2d 1150, 1152 (1985):

> " 'A condition precedent to our acceptance of the proposition that an accused has effectively changed his plea from not guilty to guilty [2] * * * is a showing *on the record* that Rule 15, W.R.Cr.P., has been complied with.' " (Quoting *Hoggatt v. State*, supra, 606 P.2d at 724.) (Emphasis added.)

The requirement for a record showing is based on the rationale of *McCarthy v. United States*,[3] 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), which we adopted in *Cardenas v. Meachum*, supra. The McCarthy Court said that a record showing of compliance will eliminate, at the outset, any disputes as to the understanding of the defendant and the voluntariness of his plea. This will tend to "discourage, or at least to enable more expeditious disposition of, the numerous and often frivolous post-conviction attacks on the constitutional validity of guilty pleas." 89 S.Ct. at 1170.

■ In the case at bar, the record shows that appellant was not advised of the maximum possible penalty as required by Rule 15. Failure to strictly adhere to the provisions of the rule requires reversal. *Hoggatt v. State*, supra, 606 P.2d at 725. The appropriate course of action in a situation such as this is to set aside the nolo contendere plea and allow the defendant to plead anew. *Britain v. State*, Wyo., 497 P.2d 543 (1972).

Reversed and remanded to the trial court with instructions to permit the defendant to replead to the charge.

---

**2.** A plea of nolo contendere is, for the purposes of punishment, the same as a plea of guilty. *State v. Steele*, Wyo., 620 P.2d 1026 (1980).

**3.** The McCarthy case dealt with Rule 11 of the Federal Rules of Criminal Procedure, which at

the time was identical to Rule 15, W.R.Cr.P. Rule 11 has subsequently been amended to explicitly require advice to the defendant that restitution may be imposed in some cases.