# IN THE COURT OF APPEALS OF IOWA

No. 13-1238
Filed September 23, 2015

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**KEVIN DUANE FISHER II,**
      Defendant-Appellant.

_____

Appeal from the Iowa District Court for Johnson County, Stephen Gerard II, District Associate Judge.

Defendant appeals his conviction, based upon his guilty plea, to possession of marijuana. **AFFIRMED.**

Philip B. Mears of Mears Law Office, Iowa City, for appellant.

Thomas J. Miller, Attorney General, Bridget A. Chambers, Assistant Attorney General, Janet Lyness, County Attorney, and Elizabeth A. Beglin, Assistant County Attorney, for appellee.

Considered by Danilson, C.J., Vogel, J., and Eisenhauer, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**EISENHAUER, Senior Judge.**

Defendant Kevin Fisher appeals his conviction, based upon his guilty plea, for possession of marijuana. Fisher did not preserve error on his claims because he did not file a motion in arrest of judgment. He has not shown he received ineffective assistance due to the failure of defense counsel to fully acquaint him with the consequences of his plea. We affirm his conviction.

## I. Background Facts & Proceedings.

Fisher was charged with possession of a controlled substance (marijuana), in violation of Iowa Code section 124.401(5) (2013). Pursuant to a plea agreement, he pleaded guilty to the offense, and the State recommended Fisher serve two days in jail, pay a $315 fine, and participate in substance abuse evaluation and treatment. Fisher signed a written guilty plea that was filed on June 18, 2013, and stated:

> My attorney has discussed with me the nature and elements of the charge; that this crime is:
> [x] a serious misdemeanor, and that the maximum punishment is incarceration in the county jail for a period of (1) year (or six (6) months if the charge is Possession of a Controlled Substance, to-wit: marijuana in violation of Section 124.401(5) of the Iowa Code); and by being fined at least $315.00 and up to $1,875.00; or by both such incarceration and fine.
> . . .
> I know and understand the charge against me and the maximum possible penalty and the mandatory minimum penalty therefore.
> . . .
> I am making this plea of my own free will, and not based on any promises or threats, nor do I anticipate the imposition of a sentence more favorable than that stated below under Plea Agreement, and I understand the Court may sentence me to the maximum penalty allowed by law.
> . . .
> I hereby know, understand, and waive . . . my right to file a Motion in Arrest of Judgment if the sentencing is scheduled sooner than five (5) days from the day this guilty plea is entered.

. . .

I have been advised of my right to challenge this plea of guilty by filing a Motion in Arrest of Judgment at least five (5) days prior to the date that the Court sets for sentencing and within forty-five (45) days after the Court accepts my plea.

Defense counsel signed a separate signed statement that provided, "I am satisfied the defendant fully understands his/her rights, fully understands the consequences of his/her plea, and fully understands the nature of the charge against him/her and the maximum penalty and the mandatory minimum penalty therefore." This statement also provided, "I have carefully explained to the defendant the procedural steps of filing a Motion in Arrest of Judgment, the definition and grounds thereof and the time within which such Motion should be filed."

On the same day the written guilty plea was filed, June 18, 2013, the court accepted the plea. The court advised Fisher of his right to file a motion in arrest of judgment. Fisher requested immediate sentencing. The court accepted the State's recommendation and sentenced Fisher to two days in the county jail. Fisher was ordered to pay a fine of $315, plus a thirty-five percent surcharge, court costs, and restitution. He was ordered to undergo a substance abuse evaluation and complete recommended treatment. The judgment and sentence also provided the Iowa Department of Transportation would impose any suspensions or revocations as required by statute. Fisher now appeals.

## II.  Motion in Arrest of Judgment.

Fisher claims he did not voluntarily enter his guilty plea because he did not have a full understanding of the consequences of his plea. The State points out Fisher did not file a motion in arrest of judgment and asserts he may not directly

raise his claims on appeal. Fisher responds he was not informed a failure to file a motion in arrest of judgment would preclude him from challenging his guilty plea on appeal.

Under Iowa Rule of Criminal Procedure 2.24(3)(a), "A defendant's failure to challenge the adequacy of a guilty plea proceeding by motion in arrest of judgment shall preclude the defendant's right to assert such challenge on appeal." A court must inform a defendant failure to file a motion in arrest of judgment precludes challenges to a guilty plea on appeal. Iowa R. Crim. P. 2.8(2)(d). If a defendant is not informed of the necessity of filing a motion in arrest of judgment, the defendant is not precluded from challenging the guilty plea on appeal. *State v. Straw*, 709 N.W.2d 128, 132 (Iowa 2006). A "substantial compliance standard" is used to determine whether a court has fulfilled its duty in accordance with rule 2.8(2)(d). *Id.*

The written guilty plea, signed by Fisher, provides he had been advised of his right to challenge the guilty plea by filing a motion in arrest of judgment. The written plea also specifically states Fisher waived his "right to file a Motion in Arrest of Judgment if the sentencing is scheduled sooner than five (5) days from the date this guilty plea is entered." He then requested immediate sentencing, thereby waiving his right to file a motion in arrest of judgment. The written statement by defense counsel provides the procedural steps, definition, and grounds for filing a motion in arrest of judgment had been explained to Fisher. In addition, the court's judgment and sentence states Fisher was advised of the right to file a motion in arrest of judgment.

We conclude there was substantial compliance with the requirement Fisher be informed of the necessity of filing a motion in arrest of judgment in order to challenge his guilty plea. Fisher's failure to file a motion in arrest of judgment bars a direct appeal of his conviction. *See id.* He may still, however, challenge his guilty plea through a claim of ineffective assistance of counsel. *See id.* at 133.

### III. Ineffective Assistance.

Fisher raises an alternative claim asserting his failure to file a motion in arrest of judgment was due to the ineffective assistance of counsel. We find the record is adequate to allow us to determine the issues raised by Fisher in this direct appeal. *See State v. Thacker*, 862 N.W.2d 402, 405 (Iowa 2015). We review claims of ineffective assistance of counsel de novo. *Ennenga v. State*, 812 N.W.2d 696, 701 (Iowa 2012). To establish a claim of ineffective assistance of counsel, a defendant must show (1) the attorney failed to perform an essential duty and (2) this failure resulted in prejudice. *Straw*, 709 N.W.2d at 133, 138. In order to show prejudice, a defendant must show there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Id.* A defendant has the burden to show by a preponderance of the evidence counsel was ineffective. *See State v. McKettrick*, 480 N.W.2d 52, 55 (Iowa 1992).

Fisher contends defense counsel should have filed a motion in arrest of judgment to challenge his guilty plea because he was not fully informed of the consequences of his plea. He asserts he was not informed of the mandatory minimum sentence of two days in jail, the thirty-five percent surcharge on his

fine, or the suspension of his driver's license for six months. He asserts if he had known of these consequences, he would not have entered a plea of guilty.

**A.** Fisher signed the written guilty plea which states, "I know and understand the charge against me and the maximum possible penalty and the mandatory minimum penalty therefore." The statement signed by defense counsel also provides the maximum penalty and the mandatory minimum penalty had been explained to Fisher. We determine Fisher has failed to show, by a preponderance of the evidence, he was unaware of the mandatory minimum sentence of two days in jail.

Furthermore, even in the unlikely circumstance Fisher was unaware of the mandatory minimum sentence, under the plea agreement the State agreed to recommend Fisher serve two days in jail. According to the written guilty plea, Fisher did not anticipate the imposition of a more favorable sentence. Because Fisher could not have expected a sentence of less than two days in jail, he cannot show he would not have pleaded guilty and would have insisted on going to trial if he had been informed the mandatory minimum sentence was two days in jail. We conclude he has not shown he received ineffective assistance of counsel on this ground.

**B.** We turn then to the issue of whether defense counsel should have filed a motion in arrest of judgment because Fisher was not fully informed of the surcharge and the suspension of his driver's license. While a defendant must be informed of the direct consequences of a guilty plea, such as the possible maximum sentence and the mandatory minimum sentence, there is no requirement the defendant be informed of all indirect and collateral

consequences of a guilty plea. *State v. Carney*, 584 N.W.2d 907, 908 (Iowa 1998). Whether a consequence is direct or collateral "turns on whether the result represents a definite, immediate and largely automatic affect on the range of defendant's punishment." *Id.*

While a surcharge is a direct consequence of a guilty plea, like restitution, it is not considered punishment. *See State v. Brady*, 442 N.W.2d 57, 59 (Iowa 1989) ("Payment of money under a court order, standing alone, does not make it punishment."). Money collected from surcharges is used to fund programs such as the victim compensation fund, the drug abuse resistance education program, and the general fund of the State of Iowa. *See* Iowa Code §§ 602.8108, 911.1(5). The surcharge does not affect the range of Fisher's punishment.

The suspension of Fisher's driver's license was also a collateral consequence of his guilty plea. *See Carney*, 584 N.W.2d at 909 ("Because we find license revocation is a collateral and not a direct consequence of a guilty plea, the district court had no duty to inform the defendant of it."). "Having concluded that the consequence of license revocation is collateral, we find counsel was not ineffective in failing to inform defendant of it. The failure to advise a defendant concerning a collateral consequence, even serious ones, cannot provide a basis for a claim of ineffective assistance of counsel." *Id.* at 910.

Fisher has not met his burden to show he received ineffective assistance of counsel. We affirm his conviction for possession of a controlled substance (marijuana).

**AFFIRMED.**