CLERK OF SUPREME COURT     MAY 03, 2017     ELECTRONICALLY FILED

**IN THE COURT OF APPEALS OF IOWA**

No. 16-0279
Filed May 3, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**THIERNO YAYA DIALLO,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Johnson County, Deborah Farmer

Minot, District Associate Judge.


        A defendant appeals following his guilty plea asserting his plea was not

knowing and voluntary.  **CONVICTION VACATED AND REMANDED.**


        Anne K. Wilson of Anne K. Wilson Law Office, PLLC, Hiawatha, for

appellant.

        Thomas J. Miller, Attorney General, and Thomas A. Bakke, Assistant

Attorney General, for appellee.


        Considered En Banc.

**VOGEL, Judge.**

Thierno Yaya Diallo appeals following his written guilty plea to assault causing bodily injury under Iowa Code sections 708.1(2) and 708.2(2) (2015), a serious misdemeanor. He was sentenced to ninety days in jail with all but ten days suspended and one year of supervised probation. He was also ordered to pay a fine of $315.00 plus all applicable surcharges, along with any victim restitution, court costs, and $60.00 in attorney fees. He asserts his guilty plea was not knowing and voluntary because: (1) he was not informed of the immigration consequences of the guilty plea and (2) he was not informed of the applicable surcharges he would be assessed. He also asserts counsel was ineffective for failing to inform him of the immigration consequences of his guilty plea.

**I. Error Preservation.**

It is undisputed Diallo did not file a motion in arrest of judgment challenging his guilty plea in the district court. *See* Iowa R. Crim. P. 2.24(3)(a) ("A defendant's failure to challenge the adequacy of a guilty plea proceeding by motion in arrest of judgment shall preclude the defendant's right to assert such challenge on appeal."); *State v. Meron*, 675 N.W.2d 537, 540 (Iowa 2004) ("[A] defendant must file a motion in arrest of judgment to preserve a challenge to a guilty plea on appeal."). However, the State concedes Diallo may challenge his guilty plea here because the advisory provided to Diallo in the written guilty plea form did not substantially comply with Iowa Rule of Criminal Procedure 2.8(2)(d).[1]

---

[1] The rule requires that "[t]he court shall inform the defendant that any challenges to a plea of guilty based on alleged defects in the plea proceedings must be raised in a

*See State v. Worley*, 297 N.W.2d 368, 370 (Iowa 1980) ("No defendant, however, should suffer the sanction of rule [2.24(3)(a)] unless the court has complied with rule [2.8(2)(d)] during the plea proceedings by telling the defendant that he must raise challenges to the plea proceeding in a motion in arrest of judgment and that failure to do so precludes challenging the proceeding on appeal."). The advisory given to Diallo in the written guilty plea form was identical to the advisory given to the defendant in *State v. Fisher*, 877 N.W.2d 676, 682 (Iowa 2016)—"Absent from Fisher's form was any statement that by signing it or proceeding to immediate sentencing, Fisher was giving up his ability to contest the plea in the future . . . ." Therefore, consistent with *Fisher*, we also conclude "[the] written plea was deficient in this respect, [and Diallo] is not precluded from challenging his guilty plea on direct appeal." 877 N.W.2d at 682.

## II. Immigration Consequences.

Diallo first claims he was not advised of the immigration consequences of his guilty plea as required by rule 2.8(2)(b)(3)—"Before accepting a plea of guilty, the court must . . . inform the defendant of, and determine that the defendant understands . . . [t]hat a criminal conviction, deferred judgment, or deferred sentence may affect a defendant's status under federal immigration laws." He asserts a handwritten addition on the guilty plea form that stated, "Defendant has been advised of any possible immigration consequences" was an inadequate advisory under the rule. Diallo also notes this handwritten addition was not initialed or signed. However, as the State points out, Diallo fails to acknowledge

motion in arrest of judgment and that failure to so raise such challenges shall preclude the right to assert them on appeal." Iowa R. Crim. P. 2.8(2)(d).

that this statement was not the only statement on the written guilty plea form that pertained to the immigration consequences of the guilty plea. On the fourth page of the form, it states: "I understand that, if I am not a citizen of the United States, I may suffer adverse immigration consequences as a result of this guilty plea, including deportation. I understand that I have the right to contact an immigration attorney and my consulate." Immediately following this statement is Diallo's signature.

We agree with the State's assertion that this advisory substantially complies with a court's obligation to inform a defendant and ensure he understands that the conviction could result in adverse immigration consequences. *See* Iowa R. Crim. P. 2.8(2)(b)(3); *Meron*, 675 N.W.2d at 544 ("Substantial compliance requires that the essence of each requirement of the rule be expressed to allow the court to perform its important role in each case."). Therefore, we find no error in this aspect of Diallo's guilty plea. *See Fisher*, 877 N.W.2d at 680 ("We ordinarily review challenges to guilty pleas for correction of errors at law.").

## III. Surcharges.

Diallo also claims his guilty plea was not knowing and voluntary because he was not informed of the applicable surcharges.[2] In support of his claim, Diallo cites the *Fisher* case, which establishes surcharges are punishment and a

---

[2] Diallo also appears to challenge the guilty plea form's failure to inform him of the possibility of being required to pay victim restitution. However, victim restitution is not a punishment, and the court is not required to inform a defendant of the possibility of a restitution order under rule 2.8(2)(b). *State v. Brady*, 442 N.W.2d 57, 59 (Iowa 1989) ("Payment of money under a court order, standing alone, does not make it punishment.").

defendant should be informed of surcharges as they affect the mandatory minimum and maximum penalties faced by those who plead guilty. *Id.* at 685–86 ("We conclude that Fisher should have been informed of the mandatory minimum and maximum possible fines, including surcharges."). However, the *Fisher* decision left open the issue of whether omitting information about the applicable surcharges alone can render a guilty plea unintelligent and involuntary:

> Because we are vacating Fisher's plea and sentence and remanding for further proceedings anyway based on failure to disclose the mandatory license suspension, we need not decide today whether failure to disclose the surcharges *alone* would have meant the plea did not *substantially comply* with rule 2.8(2)(b)(2). Regardless, we hold that *actual compliance* with rule 2.8(2)(b)(2) requires disclosure of all applicable chapter 911 surcharges.

*Id.* at 686 n.6. Whether substantial compliance with rule 2.8(2)(b)(2) was achieved despite the omission of the information regarding the applicable surcharge is the question we must answer in this case.

The written guilty plea form in this case informed Diallo that the fine he could be responsible to pay would be "at least $315.00 and up to $1875.00." The form went on to say that the plea agreement provided for Diallo to pay the $315.00 fine, serve ninety days in jail with all but ten days suspended, and serve one year of supervised probation. The day after the written guilty plea was filed, Diallo was ordered to pay the $315.00 fine, but the sentencing order stated he was also to pay "all applicable surcharges."

Under Iowa Code section 911.1(1) (2015), Diallo would be responsible for a thirty-five percent surcharge on the $315.00 fine. The imposition of this surcharge is mandatory so long as the fine is imposed. *See* Iowa Code § 911.1(1) ("When a court imposes a fine or forfeiture for a violation of state law,

. . . the court or the clerk of the district court *shall* assess an additional penalty in the form of a criminal penalty surcharge equal to thirty-five percent of the fine or forfeiture imposed." (emphasis added)). So the minimum amount Diallo could have been assessed as a "fine" was $315.00 plus the $110.25 surcharge, which makes the actual minimum fine $425.25, not $315.00 as he had been advised. In addition, the maximum amount he could have been required to pay as a fine was $1875.00 plus the $656.25 surcharge, making the actual maximum fine $2531.25. There was no mention in the written guilty plea form that any surcharge could impact the amount of the fine that could be imposed.

The State asserts the written guilty plea form substantially complied with advisories required under rule 2.8(2) and the failure to inform Diallo of the thirty-five percent surcharge should not permit him to have his conviction and sentence overturned, considering "the mandatory surcharges are of relatively small consequence" in relation to the other punishments Diallo was facing. The State goes on to contend, "There is a distinct difference between failing to inform a defendant on the applicable surcharges and other matters such as maximum term of incarceration."

The supreme court in *Fisher* indicates that there is a difference between "actual compliance" and "substantial compliance" when it comes to informing a defendant of the "mandatory minimum punishment" and the "maximum possible punishment" under rule 2.8(2)(b)(2). *See* 877 N.W.2d at 686 n.6 (noting "*actual compliance* with rule 2.8(2)(b)(2) requires the disclosure of all applicable chapter 911 surcharges" but not deciding "whether failure to disclose the surcharges *alone* would have meant the plea did not *substantially comply* with rule

2.8(2)(b)(2)"). The substantial compliance standard provides "a trial court is not required to advise a defendant of his rights using the precise language of the rule; it is sufficient that the defendant be informed of his rights in such a way that he is made aware of them." *State v. Myers*, 653 N.W.2d 574, 578 (Iowa 2002). It requires "the essence of each requirement of the rule be expressed." *Meron*, 675 N.W.2d at 544.

Diallo was informed of a minimum and maximum base fine, but this amount omitted the increase caused by application of the mandatory surcharge, which resulted in Diallo being misinformed as to the potential total amount due. *See State v. Kress*, 636 N.W.2d 12, 21–22 (Iowa 2001) (noting the guilty plea court misinformed the defendant that it could waive the one-third mandatory minimum sentence, which "was tantamount to a failure to advise her of the maximum possible punishment"); *State v. White*, 587 N.W.2d 240, 246 (Iowa 1998) (concluding the failure to inform a defendant of the possibility of consecutive sentences leaves the defendant "partially informed, but uninformed of the true maximum possible punishment" and results in the plea being "uninformed and unenlightened"). *But see Stovall v. State*, 340 N.W.2d 265, 267 (Iowa 1983) ("If the court does make a misstatement, if the misstatement is material in the sense that it is part of the inducement for the defendant's decision to plead guilty, if the defendant's attorney does not correct the misstatement, and if the defendant enters a guilty plea accordingly, the plea is not intelligently and voluntarily made, and the defendant is entitled to have his plea set aside and to plead anew."); *State v. West*, 326 N.W.2d 316, 317 (Iowa 1982) ("[T]he voluntary and intelligent nature of the plea would be affected by any misstatement of the

court placing in defendant's mind 'the flickering hope of a disposition on sentencing that was not possible.'" (citation omitted)). Because Diallo was misinformed as to the mandatory minimum and maximum possible fine that could be imposed upon his plea of guilty, we conclude the plea was not knowing and voluntary. His conviction must be vacated and the case remanded for further proceedings consistent with this opinion.[3]

**CONVICTION VACATED AND REMANDED.**

All Judges concur except Tabor and Doyle, JJ. who concur in part and dissent in part.

---

[3] Because we conclude Diallo's plea was not knowing and voluntary due to the written guilty plea form's failure to advise of the applicable surcharges and we are vacating his conviction and remanding the case, we need not address Diallo's final claim that his counsel was ineffective for failing to advise him of the immigration consequences of his guilty plea.

**TABOR, Judge** (concurring in part and dissenting in part)

I respectfully dissent from the portion of the decision vacating Diallo's guilty plea based on the omission of information about the 35% surcharge. While I believe Diallo's serious-misdemeanor plea bargain presents a closer case, I would find substantial compliance with Iowa Rule of Criminal Procedure 2.8(2)(b)(2) for the same reasons outlined in the dissent in *State v. Weitzel*, No. 16-1112, __ W.L. __ (Iowa Ct. App. May 3, 2017), also filed today.

Doyle, J., joins this partial dissent.



IOWA APPELLATE COURTS

# State of Iowa Courts

**Case Number**
16-0279

**Case Title**
State v. Diallo

Electronically signed on 2017-05-03 08:26:22