**STATE of Iowa, Plaintiff–Appellee,**

v.

**John Allen HOWES, Defendant–
Appellant.**

No. 93–1459.

Court of Appeals of Iowa.

Oct. 25, 1994.

Linda Del Gallo, State Appellate Defender, and Shari Barron, Asst. State Appellate Defender, for appellant.

Bonnie J. Campbell, Atty. Gen., Robert P. Ewald, Asst. Atty. Gen., Lawrence H. Schultz, County Atty., and Bruce A. Ingham, Asst. County Atty., for appellee.

Heard by SACKETT, P.J., and HABHAB and CADY, JJ.

SACKETT, Presiding Judge.

Defendant-appellant John Allen Howes appeals his conviction for being a felon in possession of a firearm in violation of Iowa Code section 724.26 (1993). Defendant contends (1) the State failed to prove beyond a reasonable doubt he was in possession of a firearm and (2) his trial counsel was not effective. We affirm.

Police officers with a search warrant entered an apartment leased to Renee Gordon. Gordon was away from home at the time. Upon entering the apartment, the officers found defendant asleep on the living room floor. A loaded chrome or stainless steel .32 caliber H & R revolver with five rounds of ammunition was six inches from defendant's hand. The police found a second gun, a Hopkins & Allen .32 revolver, and ammunition wrapped in a towel in a kitchen cabinet. Upon questioning, defendant admitted he was a felon and said the H & R revolver was his gun. At trial, defendant denied owner-ship of either of the guns and Gordon said she had purchased both of the guns, which were manufactured in the early 1900's, as gifts for her father who collected antique weapons.

Defendant first contends the State failed to prove beyond a reasonable doubt he violated Iowa Code section 724.26 (1993).

To convict defendant, the State must introduce sufficient evidence to convince a rational trier of fact, beyond a reasonable doubt, defendant was guilty of each element of the offense. *See Jackson v. Virginia,* 443 U.S. 307, 317–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560, 572–73 (1979). We consider the evidence in the light most favorable to the State but consider all the evidence introduced at trial and do not limit our consideration only to the evidence that supports the verdict. *See State v. Robinson,* 288 N.W.2d 337, 340 (Iowa 1980).

The State must prove defendant (1) was previously convicted of a felony; and (2) knowingly exercised dominion and control over a firearm. *See* Iowa Code § 724.26 (Iowa 1993).

Defendant contends the State failed to prove he exercised dominion and control over the firearms.

Defendant contends the State failed to prove he exercised dominion and control over the H & R .32 caliber revolver. The State argues there is considerable circumstantial evidence to support the conclusion defendant exercised dominion and control over this weapon. We agree. The revolver was found loaded within a few inches of his hand. Defendant was with Gordon when she bought the gun. Defendant admitted to an officer the gun was his. We agree with the State that there was substantial evidence by which the jury could find beyond a reasonable doubt that defendant exercised dominion and control over that weapon. We affirm defendant's conviction.

Defendant next argues the State did not show he exercised control over the Hopkins & Allen revolver. He argues all that was shown was the Hopkins & Allen revolver was

in an apartment where defendant was sleeping. The State introduced evidence defendant was with Gordon when she purchased the guns several weeks earlier. Having found the evidence sufficient to support the conviction on the basis of defendant's possession of the H & R .32 caliber revolver, we find it not necessary to address this argument.

Defendant's second contention is his trial counsel was not effective. Defendant wrote a letter to the judge saying he wanted to plead guilty. The State was able to put this fact in evidence. Defendant's position is his attorney should have objected to the fact he wrote the judge wanting to plead guilty being put in evidence.

■ This is a constitutional challenge so we review de novo looking at all the relevant circumstances. *See State v. Yaw*, 398 N.W.2d 803, 805 (Iowa 1987). There is a presumption defendant's trial counsel was competent in representing defendant. *See Taylor v. State*, 352 N.W.2d 683, 685 (Iowa 1984). Defendant has the burden of proving by a preponderance of evidence that his attorney did not perform an essential duty and, as a result, he was prejudiced. *See State v. Kraus*, 397 N.W.2d 671, 673 (Iowa 1986).

■ Defendant testified at trial. He claimed to have been intoxicated and to have little or no recall of the time of his arrest. On cross-examination, the county attorney questioned defendant about this and elicited from him he had had a lot to drink. The county attorney then asked defendant the following questions:

Q. [M]r. Howes, according to the way you're reconstructing it today, it doesn't sound to me like you ought to be guilty of anything. Isn't that how it seems to you?
A. That's the way it is. I'm not guilty of nothing.

Q. And have you always felt that way?
A. Not always. Usually, if I'm guilty of something, I'll admit my guilt.

Q. I mean since you were arrested on this charge have you always felt that way?
A. That I'm not guilty?

Q. Right. A. Yeah.

At this point, the county attorney used two letters defendant had written to the judge as impeachment evidence. The letters, written while the defendant was in jail waiting for his arraignment, said defendant wanted to plead guilty and get the matter over with as soon as possible. Defendant's attorney made no objection but, on redirect examination, brought out that defendant wanted to have the matter resolved and, after meeting with his attorney and going over the evidence, defendant decided to ask for a trial where he could tell the jury the truth.

Defendant urges on appeal there were several valid objections to the evidence. His first argument is the letters were not relevant to the issues before the court. The second argument is the use of the letters violated Iowa Rule of Criminal Procedure 9(5). The State alleges the letters were admissible as admissions or prior inconsistent statements.

■ Defendant first contends Iowa Rule of Criminal Procedure 9(5) supports exclusion of the evidence. The State contends defendant is wrong because no plea negotiations had been initiated. The law provides plea discussions and resulting agreements, pleas or judgments are privileged in order to encourage active plea negotiations. *State v. Taylor*, 336 N.W.2d 721, 726 (Iowa 1983). The privilege is accorded only to discussions entered into with a view toward reaching an agreement where defendant will enter some plea in hope of receiving a certain charge or sentence concession. *Id.*

Iowa Rule of Criminal Procedure 9(5) provides:

5. Inadmissibility of Plea Discussions. [I]f a plea ... of guilty is not accepted or is withdrawn, ... neither the plea discussion nor any resulting agreement, plea, or judgment shall be admissible in any criminal or civil action or administrative proceeding.

The State contends there were no plea discussions and relies on *State v. Taylor* to support its position. First, *Taylor* is distinguishable. *Taylor* involved the defendant making plea offers to a police officer. In this case, defendant sought to plea to the court.

Defendant's letters to the judge were an attempt by defendant to plead guilty to the charges and, if defendant's attorney had made the proper objection, they would have been found inadmissible under Iowa Rule of Criminal Procedure 9(5). Having found defendant's attorney failed to make a valid objection to the evidence, we do not address defendant's other challenges to the admission of the evidence.

We do not reverse because defendant has failed to show he suffered prejudice. Defendant has the burden to prove he was prejudiced by his trial counsel's failure to object. *See State v. Carberry,* 501 N.W.2d 473, 477 (Iowa 1993). In addressing this issue, we specifically look at the following facts. Defendant's attorney blunted the testimony with the redirect examination of defendant. Defendant had admitted the H & R .32 caliber revolver was his. The only element of the offense defendant challenges is whether the State showed he had control. Defendant has not shown the necessary prejudice. *See Carberry,* 501 N.W.2d at 477.

Defendant further contends his counsel was not effective because he should have questioned the officers at the suppression hearing about an anonymous caller. Defendant contends the anonymous caller and the confidential informant may have been the same person. Defendant contends, if this is true, the application for the warrant is deficient because it does not establish the credibility of the confidential informant and does not corroborate the confidential informant's story. The record before us is not sufficient to allow us to address this issue. It is reserved for postconviction proceedings.

We affirm.

**AFFIRMED.**