**STATE of Iowa, Plaintiff–Appellee,**

v.

**Michael Arnez McBRIDE,
Defendant–Appellant.**

No. 99–1842.

Court of Appeals of Iowa.

Jan. 10, 2001.

Linda Del Gallo, State Appellate Defender, and Robert P. Ranshau, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Jean C. Pettinger, Assistant Attorney General, William E. Davis, County Attorney, and Julie A. Walton, Assistant County Attorney, for appellee.

Considered by STREIT, P.J., and VOGEL and MILLER, JJ.

STREIT, P.J.

Michael McBride's two prior felony convictions increased the length of his prison sentence for delivery of drugs and assault. He appeals, claiming he received ineffective assistance of counsel because his trial counsel did not object to the trial court's handling of his stipulation to his prior convictions. We affirm.

### I. Background Facts & Proceedings.

McBride was arrested after he hit a man in the head with a hammer during a dis-

pute over crack cocaine. McBride was charged with willful injury, assault while participating in a felony, delivery of a controlled substance, first-degree robbery, and extortion. Because McBride had two prior felony convictions, one of which was for a controlled substance offense, he was also alleged to be a habitual offender and subject to sentence enhancement for the delivery of a controlled substance charge.

After the close of evidence, the trial court asked McBride and his attorney whether McBride would stipulate to his prior convictions. McBride's attorney answered, "In the event of a finding of guilt, Mr. McBride will stipulate to these previous offenses which [are] the basis for the enhancement." The jury found McBride guilty of two counts of assault with intent to inflict serious injury, assault while participating in a felony, and delivery of a controlled substance. After the jury announced the verdicts, the court noted McBride had previously stipulated to his prior convictions; the court did not discuss McBride's intention to stipulate to the convictions with McBride or his attorney at that time. McBride received an enhanced sentence because of his prior convictions.

McBride appeals. He claims his attorney was ineffective because he did not object to the trial court's handling of his prior convictions.

## II. Standard of Review.

■ We review claims of ineffective assistance of counsel de novo. *State v. Howes*, 525 N.W.2d 874, 876 (Iowa App. 1994).

## III. The Merits.

■ To prevail on a claim of ineffective assistance of counsel, a defendant must prove counsel failed to perform an essential duty and the failure prejudiced the defendant. *State v. Dinkins*, 553

N.W.2d 339, 341 (Iowa App.1996). Although we often preserve ineffectiveness claims for postconviction proceedings, we may decide such claims on direct appeal if the defendant fails to show one of the two aforementioned prongs. *State v. Pierson*, 554 N.W.2d 555, 562 (Iowa App.1996).

■ McBride argues his counsel, Russell Dircks, should have objected to the trial court's finding McBride stipulated to his prior felony convictions. When the trial information alleges a defendant has one or more prior convictions that subject the defendant to an increased sentence, the defendant is entitled to an opportunity to admit or deny identity with the person previously convicted. Iowa R.Crim.P. 18(9). If the defendant denies identity, he is entitled to a jury trial on that issue. *Id.* Contrary to McBride's assertions, the record shows he stipulated to the prior convictions alleged in the trial information:

THE COURT: Okay. So let's make the record a little bit clearer.

MR. DIRCKS: Okay. In the event of a finding of guilt, Mr. McBride will stipulate to these previous offenses—

THE COURT: Stipulate to them?

MR. DIRCKS:—which is the basis for the enhancement.

THE COURT: Stipulate to the habitual offender and the second or subsequent offense regarding the drugs?

MR. DIRCKS: Yes.

THE COURT: So there will not be a need to have the jury decide those issues; is that correct? Is that what you are saying?

MR. DIRCKS: Yes.

Given this dialogue, McBride's counsel had no duty to object the next day when the court stated McBride had previously stipulated to his prior convictions.

McBride also argues his counsel should have objected when the trial court did not engage in a discussion with McBride regarding his intention to stipulate to his prior convictions. According to McBride, this discussion should have been a "guilty plea type colloquy" like that outlined in Iowa Rule of Criminal Procedure 8(2)(b).[1] He contends, in particular, the court should have informed him how stipulating to his prior convictions would affect his sentence. *See* Iowa R.Crim.P. 8(2)(b)(2).

Iowa Rule of Criminal Procedure 8(2)(b) only applies when a defendant wishes to plead guilty to a criminal offense. *State v. Brady*, 442 N.W.2d 57, 58 (Iowa 1989). Here, the State alleged McBride had prior convictions, thus subjecting him to an increased sentence. When McBride stipulated to those convictions, he was not pleading guilty to a criminal offense. *See id.* ("An admission by a defendant of prior convictions cannot be said to be a plea of guilty to an habitual offender 'charge,' moreover, habitual offender statutes do not charge a separate offense."). A rule 8(2)(b) colloquy was not required for McBride to stipulate to the fact of his prior convictions.

No Iowa authority calls for a different conclusion. The Iowa Supreme Court has stated "a defendant's admission of prior felony convictions which provide the predicate for sentencing as an habitual offender is so closely analogous to a plea of guilty that it is *appropriate to refer* to [the] rules governing guilty pleas, specifically, rule 8(2)(b), to resolve the issue in this case." *Brady*, 442 N.W.2d at 58 (emphasis added). In a subsequent case, the court stated in *Brady* it "recognized the fact that an admission of prior felony convictions 'which provide the predicate for sentencing as an habitual offender is so closely analogous to a plea of guilty' that [the] rules governing guilty pleas *should be applied.*" *State v. Bumpus*, 459 N.W.2d 619, 626 (Iowa 1990) (emphasis added). The *Bumpus* court overstated the significance of *Brady* to the extent it interpreted that case as mandating trial courts to conduct rule 8(2)(b) colloquies whenever a defendant stipulates to his or her prior convictions. When determining the validity of such stipulations, rule 8(2)(b) may serve as a useful analytical tool for an appellate court. *See State v. Oetken*, 613 N.W.2d 679, 687–88 (Iowa 2000); *Brady*, 442 N.W.2d at 58–59. However, to reiterate, no authority requires a full rule 8(2)(b) colloquy when such stipulations are made.

Finding a rule 8(2)(b) colloquy was not required in this case does not automatically excuse the alleged failure to inform McBride of the implications of stipulating to his prior convictions. As cases like *Brady* and *Bumpus* confirm, trial courts have a duty to ensure that defendants knowingly and voluntarily stipulate to hav-

---

1. Rule 8(2)(b) states the following:

   *Pleas of guilty.* The court ... shall not accept a plea of guilty without first determining that the plea is made voluntarily and intelligently and has a factual basis. [T]he court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands, the following:

   (1) The nature of the charge to which the plea is offered.

   (2) The mandatory minimum punishment, if any, and the maximum possible punishment provided by the statute defining the offense to which the plea is offered.

   (3) That the defendant has the right to be tried by a jury....

   (4) That if the defendant pleads guilty there will not be a further trial of any kind....

   The court may ... waive the above procedures in a plea of guilty to a serious or aggravated misdemeanor.

   Iowa R.Crim.P. 8(2)(b).

ing prior convictions. *Cf. Oetken,* 613 N.W.2d at 688 (finding the trial court "discharged its duty to inform the defendant as to the ramifications of an habitual offender adjudication"). In order to knowingly stipulate, a defendant should have an adequate grasp of the implications of his or her stipulation.

Whether McBride had an adequate grasp of the implications of stipulating his prior convictions is unclear. The trial transcript shows McBride and his counsel may have had an off-the-record discussion concerning the relationship between McBride's prior convictions and his probable sentence. The transcript also shows that, following this discussion, the court itself pursued the subject of habitual offenders and sentencing enhancements. But, it does not show anyone ever explicitly told McBride how stipulating to his prior convictions would affect his sentence.[2] McBride's assertion he was not "informed of the possible sentences which could be imposed should he be found to be a habitual offender" may be valid.

However, even if the trial court should have done more to ensure McBride knowingly and voluntarily stipulated to his prior convictions, its failure to do so did not prejudice McBride. The minutes of testimony reveal the State was prepared to offer the testimony of the Scott County Clerk of Court proving McBride had two prior felony convictions. McBride admitted to the convictions during his direct examination and again during his cross-examination. In his brief, he concedes the State was ready and able to prove his prior convictions. McBride does not deny he is a habitual offender with at least one prior controlled substance conviction—even a full rule 8(2)(b) colloquy would not have prevented him from receiving an enhanced sentence. *See Bumpus,* 459 N.W.2d at 626 (finding no prejudice resulted from the trial court's failure to advise the defendant of the consequences of his admission to a prior conviction); *State v.*

---

2. The relevant portions of the trial transcript read as follows:

THE COURT: All right. The Defendant in the Trial Information is charged as a habitual offender and notice given of a second or subsequent offense under Chapter 124. The Defendant basically admitted both of those on direct examination, so are we hearing in the event of a guilty verdict on these, are we—is there any stipulation there?

MR. DIRCKS: What he is asking is for sentencing purposes these prior offenses make a difference on what you are going to be—

THE COURT: You can discuss off the record on that if you want to, Russ.

MR DIRCKS: Okay.

(At this time a discussion was held off the record.)

THE COURT: This is a habitual offender. We're talking about the habitual offender and the second or subsequent offense sentencing enhancement. You don't have to decide this now.

MR. DIRCKS: Right.

THE COURT: But there's two ways to address those two items. One is either you stipulate to it and admit it or—and this is assuming you are found guilty by the jury, or the same jury could determine hearing more evidence whether these two things have been proven by the State, habitual offender, second or subsequent offense on the drug charge.

MR. DIRCKS: And what it is is all the State has to prove at that point is that you had previous felonies and that you have a previous delivery charge. Which essentially you have already admitted to on the stand.

THE DEFENDANT: Yeah, yeah, okay. Leave it like it is, I guess.

MR. DIRCKS: The issue is whether you would stipulate to it and say yes, I did have that previous record.

THE DEFENDANT: Yeah.

MR. DIRCKS: Yeah.

*Vesey,* 482 N.W.2d 165, 168 (Iowa App. 1991) (same). This lack of prejudice excuses any shortcomings in the stipulation to the defendant's prior convictions.

Similarly, any breach of duty by McBride's counsel is also without consequence. McBride's ineffective assistance of counsel claim is unfounded. We affirm the district court.

**AFFIRMED.**