**IN THE COURT OF APPEALS OF IOWA**

No. 14-0249
Filed October 15, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DANNY DEAN DOTY,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Marshall County, Kim M. Riley, District Associate Judge.

        Danny Doty appeals following his plea of guilty to domestic abuse assault, second offense.  **AFFIRMED.**

        Mark C. Smith, State Appellate Defender, and Stephan J. Japuntich, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, Heather R. Quick, Assistant Attorney General, Jennifer Miller, County Attorney, and Sarah Tupper, Assistant County Attorney, for appellee.

        Considered by Potterfield, P.J., and Tabor and Mullins, JJ.

**POTTERFIELD, P.J.**

Danny Doty appeals following his written plea of guilty to domestic abuse assault, second offense, contending plea counsel was ineffective in failing to ensure the district court conducted a colloquy regarding his prior conviction for domestic abuse assault as described in *State v. Kukowski*, 704 N.W.2d 687, 691–92 (Iowa 2005). Doty cannot show he was prejudiced by the failure of plea counsel to insist upon an in-court colloquy regarding his prior conviction. Accordingly, Doty's ineffective-assistance-of-counsel claim fails.

**I. Background Facts.**

On January 15, 2014, Doty entered a written guilty plea to aggravated misdemeanor domestic abuse assault, in violation of Iowa Code sections 708.1, .2A(1), and .2A(3)(b) (2013). In his written plea, Doty stated he had "a prior conviction for domestic abuse assault within the last 12 years." The minutes of testimony include the following:

> The Defendant was convicted of three prior offenses of Domestic Abuse Assault in the Marshall County District Court within the last twelve years. The Defendant was convicted of Domestic Abuse Assault on February 1, 2011. The Defendant was convicted of Domestic Abuse Assault on March 23, 2012. The Defendant was convicted of Domestic Abuse Assault, Second Offense, on October 29, 2012. The witness will lay the foundation for certified copies of the judgment entries to be entered into evidence at trial herein.

Pursuant to the plea agreement, the State dismissed a first-degree harassment charge. The district court subsequently sentenced Doty to two years imprisonment.

On appeal, Doty contends plea counsel was ineffective for failing to challenge his admission to a prior domestic-abuse-assault conviction. He argues

the district court is required to identify the prior conviction to which a defendant is stipulating for purposes of sentence enhancement.

## II. Standard of Review.

While a defendant's challenge to a guilty plea is generally reviewed for corrections of errors at law, we review infective-assistance-of-counsel claims de novo. *State v. Utter,* 803 N.W.2d 647, 651 (Iowa 2011). We normally preserve such claims for postconviction relief proceedings, but will consider the merits on direct appeal where the record is adequate. *Id.*

## III. Merits.

In order to prove a claim of ineffective assistance of counsel, a defendant must prove counsel failed to perform an essential duty and prejudice resulted. *State v. Schminkey*, 597 N.W.2d 785, 788 (Iowa 1999). Failure to prove either prong is fatal to the claim. *State v. Shanahan*, 712 N.W.2d 121, 142 (Iowa 2006).

Doty contends his counsel was ineffective in failing to challenge the enhanced sentence on the domestic-abuse-assault charge. He alleges he did not properly admit a prior domestic-abuse-assault conviction and therefore did not voluntarily or intelligently enter into the guilty plea. He argues the district court was required to follow the procedure explained in *Kukowski* and his plea counsel was ineffective in failing to object to the procedure used here.

Iowa Rule of Criminal Procedure 2.19(9) provides, in part,

> After conviction of the primary or current offense, but prior to pronouncement of sentence, if the indictment or information alleges one or more prior convictions which by the Code subjects the offender to an increased sentence, the offender shall have the opportunity in open court to affirm or deny that the offender is the

person previously convicted, or that the offender was not represented by counsel and did not waive counsel.

In *Kukowski* the court explained,

> The rule [2.19(9)] gives the defendant an opportunity to affirm or deny the allegations the State is obligated to prove at the second trial. The inquiry providing this opportunity must be conducted in open court. If the defendant denies "being the person previously convicted," or asserts that the prior convictions were obtained without counsel and counsel was not waived, then the case proceeds to the second trial. On the other hand, if the defendant affirms the validity of the prior convictions, then the case proceeds to sentencing. An affirmative response by the defendant under the rule, however, does not necessarily serve as an admission to support the imposition of an enhanced penalty as a multiple offender. The court has a duty to conduct a further inquiry, similar to the colloquy required under rule 2.8(2), prior to sentencing to ensure that the affirmation is voluntary and intelligent.

704 N.W.2d at 692.

In *State v. Johnson*, 770 N.W.2d 814, 825-26 (Iowa 2009), our supreme court further addressed the procedure described in rule 2.19(9) and *Kukowski*. After the guilt phase of the bench trial, the district court had concluded rule 2.19(9) applied only to a jury trial, not a bench trial. *Johnson*, 770 N.W.2d at 824. Our supreme court, however, concluded the court erred in failing to hold a separate trial on the defendant's habitual offender status. *Id.* at 826. But we note the supreme court stated, "in *the absence of an agreement of the parties to proceed otherwise*, the bifurcation procedures explained in Iowa Rule of Criminal Procedure 2.19(9) and in *Kukowski* apply in bench trials and jury trials." *Id.* at 825. (emphasis added).

We are faced with neither a bench trial nor a jury trial. Rather, this appeal involves "an agreement of the parties to proceed otherwise." *Id.* Doty entered a written plea of guilty and admitted a prior domestic abuse conviction. *See State*

*v. McBride*, 625 N.W.2d 372, 374 (Iowa Ct. App. 2001) ("When McBride stipulated to those [prior] convictions, he was not pleading guilty to a criminal offense. A rule [2.8(2)(b)] colloquy was not required for McBride to stipulate to the fact of his prior convictions." (citing *State v. Brady*, 442 N.W.2d 57, 58 (Iowa 1989) ("An admission by a defendant of prior convictions cannot be said to be a plea of guilty to an habitual offender 'charge,' moreover, habitual offender statutes do not charge a separate offense.")))); *cf. Johnson*, 770 N.W.2d at 826 n.14 ("Johnson asserts the State is essentially seeking a new trial on the habitual offender status determination in violation of the constitutional prohibition on double jeopardy. However, a consideration of habitual offender status is merely a determination of whether a sentencing enhancement applies.").

Doty's written guilty plea states he understands the nature of the charge and the mandatory minimum punishment and maximum punishment for the offense. This discharges the court's duty to ensure Doty's stipulation was voluntary and intelligent. *See State v. Oetken,* 613 N.W.2d 679, 688 (Iowa 2000) (holding that where "[t]here is nothing in the record to indicate [the defendant] failed to understand the nature of an [enhanced sentence], or the significance of his admission," the court discharged its duty to inform the defendant as to the ramifications). An examination of the minutes of testimony establishes the domestic abuse assault committed by Doty in 2013 was a second offense that occurred within twelve years of his first conviction—Doty had two domestic abuse assault convictions in 2011 and another domestic abuse assault conviction in 2012.

Doty does not assert he was misinformed of the consequences of

affirming his prior conviction. Nor does he deny the validity of the prior conviction(s) as set forth in the minutes of testimony. Doty cannot show he was prejudiced by a failure of plea counsel to insist upon a *Kukowski* procedure. Accordingly, Doty's ineffective-assistance-of-counsel claim fails. *See McBride*, 625 N.W.2d at 375 (finding any breach of counsel's duty was without consequence where even a full rule 2.8(2)(b) colloquy would not have prevented the defendant from receiving an enhanced sentence). We therefore affirm his conviction.

**AFFIRMED.**