# IN THE COURT OF APPEALS OF IOWA

No. 15-0308
Filed June 29, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ANDRE LETROY ANTWAN HARRINGTON,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Scott County, Mary E. Howes,

Judge.

        Andre Harrington appeals from his conviction and sentence for second-

degree robbery, habitual offender, following a jury trial.  **AFFIRMED.**

        Mark C. Smith, State Appellate Defender, and Nan Jennisch, Assistant

Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Mary A. Triick and Kevin R.

Cmelik, Assistant Attorneys General, for appellee.

        Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**MULLINS, Judge.**

Andre Harrington appeals from his conviction and sentence for second-degree robbery, habitual offender, following a jury trial. He asserts the district court erred in accepting his stipulation to prior felony convictions for the purpose of the habitual-offender enhancement. He further contends the district court abused its discretion by refusing to allow him to withdraw his admission to his prior felony convictions after he requested a jury trial on his habitual-offender status. We affirm.

## I.      Background Facts and Proceedings

On December 4, 2013, Harrington selected a cart full of merchandise totaling almost $900 and walked out of a store without paying, intending to commit a theft. As Harrington was leaving the store, a manager stopped him and asked about the items in his cart. Harrington responded by turning around and hitting the manager in the face. He then tried to recover the cart that had rolled away from him, and when he was unable to recover it, he fled.

On December 31, the State filed a trial information charging Harrington with second-degree robbery, as an habitual offender, in violation of Iowa Code sections 711.3, 902.8, and 902.9(3) (2013). The State alleged he had a felony conviction for going armed with intent entered on June 12, 2000, and a felony conviction for possession of a controlled substance with intent to deliver entered on March 5, 2009.

On December 3, 2014, a jury found Harrington guilty of robbery in the second degree. During trial, Harrington testified he had at least two prior felony convictions. Following the verdict, Harrington stipulated in open court to the two

predicate felonies alleged by the State. However, when asked whether he was giving up his right to a hearing on the matter, Harrington stated he was not and that he wanted the jury to make a decision on the matter. The district court told Harrington he would receive a hearing only if he denied he was the same person who was previously convicted of the predicate felonies, and Harrington again admitted he was the same person previously convicted of the felonies.

The court sentenced Harrington to an indeterminate term for no more than fifteen years, carrying a mandatory minimum of seventy percent, to run consecutive to another sentence Harrington was then serving. Harrington appeals.

## II. Standard of Review

We review claims involving the interpretation of a statute or rule for correction of errors at law. *See* Iowa R. App. P. 6.907; *State v. Kukowski*, 704 N.W.2d 687, 690–91 (Iowa 2005). We review the denial of a defendant's motion to withdraw admissions to prior felony convictions for purposes of habitual-offender enhancements for an abuse of discretion. *See Kukowski*, 704 N.W.2d at 691.

## III. Analysis

Harrington claims the district court erred in accepting his stipulation to two prior felony convictions for the purpose of the habitual-offender enhancement. He contends the district court failed to engage in a sufficient colloquy under Iowa Rule of Criminal Procedure 2.19(9) to ensure his stipulation was entered voluntarily and intelligently and to establish on the record that he was represented by counsel or knowingly waived counsel when his previous

convictions were entered. The State contends Harrington did not preserve error on his claims because he did not object at the time of the stipulation and did not file a motion in arrest of judgment. Harrington does not allege ineffective assistance of counsel but rather argues he is not precluded from challenging the issue on direct appeal because the court did not inform him that he must file a motion in arrest of judgment in order to bring his challenge on appeal.

When it is alleged a defendant is an habitual offender, the defendant must first be convicted of the current offense, then, if found guilty, a second trial is conducted on the prior convictions. *Kukowski*, 704 N.W.2d at 691. The State is held to the same burden of proof, and this burden can be sustained by "introducing certified records of the convictions, along with evidence that the defendant is the same person named in the convictions." *Id.* "The State must also establish that the defendant was either represented by counsel when previously convicted or knowingly waived counsel." *Id.*

Rule 2.19(9) provides an opportunity for the defendant to affirm or deny the previous convictions. *Id.* at 692. "The inquiry providing this opportunity must be conducted in open court." *Id.* "If the defendant denies 'being the person previously convicted,' or asserts that the prior convictions were obtained without counsel and counsel was not waived, then the case proceeds to the second trial." *Id.* (quoting Iowa R. Crim. P. 2.19(9)). "On the other hand, if the defendant affirms the validity of the prior convictions, then the case proceeds to sentencing." *Id.* However, providing an affirmative response to the court's inquiry "does not necessarily serve as an admission to support the imposition of an enhanced penalty as a multiple offender." *Id.* Rather, "[t]he court has a duty

to conduct a further inquiry, similar to the colloquy required under rule 2.8(2), prior to sentencing to ensure that the affirmation is voluntary and intelligent." *Id.*; *see also State v. Brady*, 442 N.W.2d 57, 58 (Iowa 1989) ("Rule [2.8(2)(b)] governs guilty pleas and does not expressly apply to a case in which a defendant is asked to admit or deny prior convictions for habitual offender purposes under rule of criminal procedure [2.19(9)]. . . . Nevertheless, a defendant's admission of prior felony convictions which provide the predicate for sentencing as an habitual offender is so closely analogous to a plea of guilty that it is appropriate to refer to our rules governing guilty pleas, specifically, rule [2.8(2)(b)] . . . ."); *State v. McBride*, 625 N.W.2d 372, 374–75 (Iowa Ct. App. 2001) ("[T]rial courts have a duty to ensure that defendants knowingly and voluntarily stipulate to having prior convictions. In order to knowingly stipulate, a defendant should have an adequate grasp of the implications of his or her stipulation." (citation omitted)). Rule 2.8(2) outlines the issues the district court must address with a defendant prior to accepting a guilty plea, which include, among other things, "[t]he nature of the charge to which the plea is offered," "[t]he mandatory minimum punishment, if any, and the maximum possible punishment," and the defendant's trial rights.

Here, Harrington did not object to the sufficiency of the court's colloquy during the habitual-offender proceeding. On appeal, Harrington does not raise a claim of ineffective assistance of counsel in failing to object to the court's colloquy or in failing to file a motion in arrest of judgment to preserve error on the sufficiency claim. Instead, Harrington argues the district court failed to advise him pursuant to rule 2.8(2)(d) of the obligation to file a motion in arrest of

judgment and the consequences of failing to file the motion, and therefore, he is not precluded from challenging the sufficiency of the colloquy on appeal. *See* Iowa R. Crim. P. 2.8(2)(d) ("The court shall inform the defendant that any challenges to a plea of guilty based on alleged defects in the plea proceedings must be raised in a motion in arrest of judgment and that failure to so raise such challenges shall preclude the right to assert them on appeal.").

Rule 2.24(3) sets forth the rule for a motion in arrest of judgment, and provides in part: "A motion in arrest of judgment is an application by the defendant that no judgment be rendered on a finding, plea, or verdict of guilty." Iowa R. Crim. P. 2.24(3)(a). Our supreme court has previously allowed a defendant to file a motion in arrest of judgment pursuant to rule 2.24(3) as a means of challenging a stipulation to prior felony convictions for the purpose of the habitual-offender enhancement. *See Kukowski*, 704 N.W.2d at 690 (allowing defendant to challenge the district court's interpretation of rule 2.19(9) through a motion in arrest of judgment but ultimately deciding the issue on grounds raised in the defendant's motion to withdraw admission); *see also State v. Kohlmeyer*, No. 15-0135, 2016 WL 1133730, at *1–2 (Iowa Ct. App. Mar. 23, 2016) (preserving for possible postconviction-relief proceedings defendant's claim "his trial counsel rendered ineffective assistance in failing to challenge a defect in the habitual-offender proceeding by failing to file a motion in arrest of judgment"); *State v. Davenport*, No. 09-1699, 2010 WL 3503969, at *1 (Iowa Ct. App. Sept. 9, 2010) (concluding defendant's trial counsel breached an essential duty in failing to file a motion in arrest of judgment as a means of challenging the habitual-offender-enhancement procedure but preserving defendant's claim on

the issue of prejudice); *State v. Fishburn*, No. 06-1148, 2007 WL 1062952, at *1 (Iowa Ct. App. Apr. 11, 2007) (preserving defendant's claim his trial counsel was ineffective in failing to file a motion in arrest of judgment challenging the adequacy of the court's inquiry into whether defendant knowingly and voluntarily stipulated to his prior convictions for the purposes of the habitual-offender enhancement). Thus, a motion in arrest of judgment would have been an appropriate vehicle to challenge the enhancement proceedings in this case.

However, although our supreme court requires an inquiry "*similar to the colloquy required under rule 2.8(2),*" *Kukowski*, 704 N.W.2d at 692 (emphasis added), it has never required strict compliance with all of rule 2.8(2)(d) when reviewing a district court's inquiries of a defendant pursuant to rule 2.19(9). The prior-convictions inquiry under rule 2.19(9) is for sentencing-enhancement purposes only and requires procedural safeguards but does not require the full panoply of protections required for a guilty plea. The *Kukowski* case only requires a *similar* colloquy. The line of cases outlined above demonstrate a motion in arrest of judgment *may* be used to challenge a defective colloquy under rule 2.19(9), but the availability of that remedy does not mandate the district court provide a warning similar to rule 2.8(2)(d) that a failure to file a motion in arrest of judgment precludes the right to assert a challenge on appeal of a defect under rule 2.19(9).[1] Thus, Harrington's claim the court erred in failing to inform him of a

---

[1] In the case of *State v. Peterson*, No. 11-1409, 2012 WL 3860730, at *4–5 (Iowa Ct. App. Sept. 6, 2012), a panel of our court concluded a motion in arrest of judgment would have been proper to challenge the enhancement colloquy and reached the merits of the issue, noting the court had provided the defendant with insufficient notice of the requirement to file a motion in arrest of judgment during the course of the guilty-plea proceedings, which had integrally included a colloquy concerning the defendant's habitual-offender status.

right to file a motion in arrest of judgment fails. Harrington did not object during the habitual-offender proceeding and did not file a motion in arrest of judgment. He does not claim his counsel was ineffective. *See State v. Fountain*, 786 N.W.2d 260, 263 (Iowa 2010) ("Ineffective-assistance-of-counsel claims are an exception to the traditional error-preservation rules."). Thus, Harrington did not preserve error for our review on this issue. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal.").

Harrington also contends the district court abused its discretion by refusing to allow him to withdraw his admissions to the prior felony convictions after he requested a jury trial on his habitual-offender status. The State asserts Harrington did not request a withdrawal of his admissions, but rather, he requested a jury trial be held on his habitual-offender status regardless of his admissions.

"We do not find an abuse of discretion unless the defendant shows it was exercised on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *State v. Blum*, 560 N.W.2d 7, 9 (Iowa 1997). "Notwithstanding, '[e]ven if an abuse of discretion is found, reversal is required only when the abuse is prejudicial.'" *Kukowski*, 704 N.W.2d at 693–94 (alteration in original) (citation omitted). "An abuse is prejudicial 'when the rights of the defendant "have been injuriously affected" or the defendant "has suffered a miscarriage of justice."'" *Id.* at 694 (citation omitted).

Here, Harrington admitted to what the State was ready and able to prove. At trial for the underlying offense, Harrington testified he had at least two prior felony convictions. The minutes of testimony included the proposed testimony of the Scott County Clerk of Court regarding Harrington's two prior felony convictions, his identity, and his prior representation by counsel—demonstrating the State could prove the underlying habitual-offender allegations. During the stipulation proceedings, the State introduced certified records of the prior felony convictions, and Harrington again admitted he was the same person named in the convictions. Even if we were to find the court abused its discretion when it accepted Harrington's admissions after he stated, "I would rather have the jury make a decision whether or not they find me an habitual offender," any error was not prejudicial.

We affirm Harrington's conviction and sentence for second-degree robbery, habitual offender.

**AFFIRMED.**