# IN THE COURT OF APPEALS OF IOWA

No. 16-0867
Filed May 17, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DARIUS LEJAUN WADE,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Black Hawk County, David P. Odekirk, Judge.

        Defendant appeals his conviction for domestic abuse assault, third offense. **CONVICTION AFFIRMED, SENTENCE VACATED IN PART AND REMANDED.**

        Mark C. Smith, State Appellate Defender, and Mary K. Conroy, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Kelli A. Huser, Assistant Attorney General, for appellee.

        Considered by Danilson, C.J., and Potterfield and Bower, JJ.

**BOWER, Judge.**

Darius Wade appeals his conviction for domestic abuse assault, third offense. We find the district court did not err by admitting hearsay evidence. Also, Wade has not shown he received ineffective assistance because defense counsel did not: (1) object to the amended minutes of testimony; (2) request a full colloquy when Wade admitted to previous convictions for domestic abuse assault; or (3) object on hearsay grounds to certain evidence. We affirm Wade's conviction for domestic abuse assault, third or subsequent offense. We reverse the assessment of court costs and remand this issue to the district court.

## I.      Background Facts & Proceedings

On the evening of November 4, 2016, C.B. called Wade, her former boyfriend, and asked him to have a drink with her. C.B. picked Wade up at his home and drove with him to the Park Road Inn, where they each had a few alcoholic beverages. Later, C.B. drove Wade back to his home, where C.B. and Wade got into an argument. C.B. testified Wade hit her and she did not remember much after that, except she found herself in the bathtub, got herself out, and she left Wade's home.

Officer Kenneth Schaaf testified he was on patrol at about 1:30 a.m. on November 5, when a car drove up behind him flashing its lights and honking its horn. Officer Schaaf stopped to speak to the driver, C.B., who was "crying hysterically." He observed C.B. had bruising and fresh blood on the side of her face. C.B. told Officer Schaaf she had been assaulted by Wade. After speaking

to Officer Schaaf, C.B. went to her cousin's home.[1] Robin Fankhauser testified C.B. was "[c]rying, screaming, yelling, freaking out." She stated C.B. had a black eye, some bleeding, and a piercing had been pulled out.

Much later on November 5, at 11:25 p.m., C.B. went to the hospital with a severe headache. C.B. told Elizabeth Batterson, a nurse practitioner, she "had a very spotty memory of what had happened." She told Batterson she was scared. Batterson diagnosed C.B. with a concussion. She also observed bruising and a small laceration. Batterson stated C.B.'s injuries were "consistent with some sort of traumatic assault or altercation." Officer Randy Girsch observed C.B.'s injuries at the hospital and had photographs taken.

Initially, Wade denied seeing C.B. on the night in question. He stated he spent the night with Kasandra Baldwin. When officers questioned Baldwin, however, she stated Wade called her at about 1:45 a.m. on November 5 and asked her to pick him up at his home, which she did. Wade then told officers he had been at the Park Road Inn with C.B. but did not mention she had been at his house. He later testified C.B. came to his home after they left the bar and she assaulted him. Wade stated C.B. did not have any injuries when she left his home.

Wade was charged with Count I, domestic abuse assault, third or subsequent offense, and Count II, domestic abuse assault causing bodily injury.[2] After the State presented its case, it moved to amend Count I to domestic abuse

---

[1] C.B. told Officer Schaaf she would go down to the police station to make a statement after she went to her cousin's home, but she did not appear. C.B. testified during the criminal trial she did not remember speaking to Officer Schaaf.
[2] C.B. and Wade had lived together within the past year before the incident, therefore meeting the definition of "domestic abuse" under Iowa Code section 236.2(2)(d) (2016).

assault causing bodily injury, third or subsequent offense, and to dismiss Count II. When asked if the defense had any objections, defense counsel stated, "Not at all, Your Honor." The court granted the request to amend the trial information. A jury found Wade guilty of domestic abuse assault causing bodily injury.

Wade stated he wanted a jury trial on the issue of whether he had previous convictions for domestic abuse assault. He then changed his mind and admitted to the prior offenses. The court questioned Wade as to whether he was making the admission voluntarily. Wade admitted he had been convicted of domestic abuse assault in 2008 and 2011. The court determined Wade was guilty of domestic abuse assault, third or subsequent offense, in violation of Iowa Code section 708.2A(4) (2016), a class "D" felony.

The court denied Wade's motions in arrest of judgment and for new trial. Wade was sentenced to a term of imprisonment not to exceed five years. He now appeals.

## II. Hearsay

In general, hearsay is not admissible. Iowa R. Evid. 5.802. "Hearsay" is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Iowa R. Evid. 5.801(c). Hearsay may be admissible if it comes within one of the exceptions to the hearsay rule. Iowa R. Evid. 5.803. The proponent of the evidence has the burden to show the statement fits within an exception. *State v. Long*, 628 N.W.2d 440, 443 (Iowa 2001). "We review hearsay rulings for correction of errors at law and will reverse the admission of hearsay evidence as

prejudicial unless the contrary is shown." *State v. Dudley*, 856 N.W.2d 668, 675 (Iowa 2014).

**A.**   Wade claims the district court erred by overruling his objections to testimony by Batterson, the nurse practitioner, concerning statements C.B. made to her. During the trial, Batterson testified, "She had a very spotty memory of what had happened. I remember her being—telling me that she was scared." Wade objected and the court overruled his objection.

While Batterson's testimony that C.B. told Batterson she was scared is hearsay, we find it comes within the exception for an "existing mental, emotional, or physical condition," found in rule 5.803(3). "The admission of such evidence under this exception is dependent upon the relevancy of the declarant's then existing state of mind, emotion, sensation, or physical condition." *State v. Newell*, 710 N.W.2d 6, 19 (Iowa 2006). The evidence C.B. was scared was relevant to show she had been assaulted.

**B.**   During Batterson's testimony, the State offered C.B.'s medical chart into evidence. The chart included the statement, "She was assaulted by her ex-boyfriend last night." Wade objected on the grounds of hearsay. The court overruled the objection and admitted the exhibit.

We by-pass the issue concerning whether the evidence was admissible under the exception for "[s]tatements for purposes of medical diagnosis or treatment," under rule 5.803(4) because if the statement was improperly admitted, it was not prejudicial. "In the hearsay context, 'where substantially the same evidence is in the record, erroneously admitted evidence will not be considered prejudicial.'" *State v. Brown*, 656 N.W.2d 355, 361 (Iowa 2003)

(quoting *State v. Sowder*, 394 N.W.2d 368, 372 (Iowa 1986)). Additionally, "no prejudice will be found where the evidence in support of defendant's guilt is overwhelming." *Newell*, 710 N.W.2d at 19.

There was substantially the same evidence in the record from other sources to show Wade assaulted C.B. C.B. testified during the trial Wade hit her. Officer Schaaf testified he came into contact with C.B. soon after the incident and she told him she had been assaulted by Wade. Additionally, C.B.'s statements to Officer Schaaf were recorded on video. Fankhauser testified C.B. told her she had been assaulted by Wade. Officer Girsch testified he had contact with C.B. at the hospital and, as a result of their discussion, Wade was a suspect in the assault. We conclude the record affirmatively establishes a lack of prejudice due to the admission of the medical chart.

**C.** On appeal, Wade claims Batterson should not have been permitted to testify that C.B. told Batterson she was assaulted by Wade. During Batterson's testimony, Wade objected to only the two pieces of evidence discussed above. We conclude Wade failed to preserve error on any other statements made by Batterson. In order to be considered on appeal, an issue must be presented to and passed upon by the district court. *State v. Jefferson*, 574 N.W.2d 268, 278 (Iowa 1997).

### III. Ineffective Assistance of Counsel

Wade claims he received ineffective assistance from defense counsel. We review claims of ineffective assistance of counsel de novo. *Ennenga v. State*, 812 N.W.2d 696, 701 (Iowa 2012). To establish a claim of ineffective assistance of counsel, a defendant must show (1) the attorney failed to perform

an essential duty, and (2) prejudice resulted to the extent it denied the defendant a fair trial. *State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009). A defendant has the burden to show by a preponderance of the evidence counsel was ineffective. *See State v. McKettrick*, 480 N.W.2d 52, 55 (Iowa 1992).

**A.** Wade claims he received ineffective assistance because defense counsel did not move to dismiss the enhancement to Count I as the State did not file any minutes of testimony to support the enhancement until after the jury reached a verdict finding him guilty. He states the filing of the minutes of testimony relating to the enhancement was untimely under Iowa Rule of Criminal Procedure 2.4(8).

On December 10, 2015, the State filed the trial information, which charged Wade in Count I with domestic abuse assault, third or subsequent offense, and listed his previous convictions for domestic abuse assault. The attached minutes of testimony did not include any witnesses who would testify about Wade's prior criminal records to support the enhancement of Count I as a third or subsequent offense. Additional minutes were filed on February 18, 2016, again not referring to the enhancement. The jury trial was held on March 1-3, 2016. On March 4, 2016, the State filed additional minutes of testimony, listing witnesses who would testify to Wade's prior criminal records. Wade appeared and admitted to the previous convictions on March 7, 2016.

Iowa Rule of Criminal Procedure 2.19(9) provides:

> After conviction of the primary or current offense, but prior to pronouncement of sentence, if the indictment or information alleges one or more prior convictions which by the Code subjects the offender to an increased sentence, the offender shall have the opportunity in open court to affirm or deny that the offender is the

person previously convicted, or that the offender was not represented by counsel and did not waive counsel. If the offender denies being the person previously convicted, sentence shall be postponed for such time as to permit a trial before a jury on the issue of the offender's identity with the person previously convicted. *Other objections shall be heard and determined by the court, and these other objections shall be asserted prior to trial of the substantive offense in the manner presented in rule 2.11.* On the issue of identity, the court may in its discretion reconvene the jury which heard the current offense or dismiss that jury and submit the issue to another jury to be later impaneled. If the offender is found by the jury to be the person previously convicted, or if the offender acknowledged being such person, the offender shall be sentenced as prescribed in the Code.

(Emphasis added.)

Wade's objections to the minutes of testimony should have been raised prior to trial. *See* Iowa R. Crim. P. 2.19(9); *State v. Long*, 814 N.W.2d 572, 580 (Iowa 2012) ("[A] defendant who asserts the habitual offender statute is not applicable must interpose his objections prior to the trial of the underlying charge. If he does not do so, the objections are waived." (citation omitted)). Even now, Wade does not claim the issue should have been raised prior to trial but that defense counsel should have objected to the amended minutes of testimony when they were filed on March 4, 2016, which would be untimely under rule 2.19(9). "Counsel, of course, does not provide ineffective assistance if the underlying claim is meritless." *State v. Halverson*, 857 N.W.2d 632, 635 (Iowa 2015).

Furthermore, Wade was aware at the time the trial information was filed on December 10, 2015; the State intended to show this was a third or subsequent offense. He was additionally aware of the prior convictions the State intended to rely upon to show the enhancement for a third or subsequent offense

was applicable. When the State amended the minutes on March 4, 2016, Wade could have sought a continuance in order to depose the witnesses about their anticipated testimony. Instead, he decided to admit to the prior convictions. We conclude he has not shown he was prejudiced by the actions of defense counsel.

**B.** Wade claims he received ineffective assistance because defense counsel permitted him to admit to his previous convictions for domestic abuse assault without an adequate colloquy with the district court. He states the district court should have engaged in a colloquy similar to that required for a guilty plea prior to accepting his admission to the previous convictions. Wade states he was not sufficiently apprised of the rights he was giving up by admitting to the previous convictions.

In the past, we stated a rule 2.8(2)(b) colloquy was not required for a defendant to stipulate to the fact of his prior convictions. *State v. McBride*, 625 N.W.2d 372, 374 (Iowa Ct. App. 2001). The district court held a colloquy with Wade on March 7, 2016, concerning his admission to the previous convictions for purposes of the enhancement of his offense to domestic abuse assault, third offense. More than a year later, on April 7, 2017, our supreme court decided *State v. Harrington*, ___ N.W.2d ___, ___, 2017 WL 1291343, at *5 (Iowa 2017), which "now identif[ied] the specific areas that must be a part of a habitual offender colloquy to support an admission [to prior convictions]." *Harrington* does not state the new rules should be applied retroactively.[3] The rules, which specify how a court should conduct a habitual offender colloquy, appear to be procedural

---

[3] We note the dissent states the majority opinion "offers a reasonable way to approach the habitual offender enhancement colloquy *in the future*." *Harrington*, ___ N.W.2d at ___, 2017 WL 1291343, at *8 (Mansfield, J., dissenting).

in nature, and we determine they should not be applied retroactively in this case. *See Schriro v. Summerlin*, 542 U.S. 348, 352 (2004) ("New rules of procedure, on the other hand, generally do not apply retroactively.").

Furthermore, we determine even if *Harrington* applied to a review of this case, the district court substantially complied with the case's requirements. Before a defendant admits to prior convictions, a court must inform the defendant concerning (1) the nature of the habitual offender charge; (2) the maximum possible punishment, including the mandatory minimum punishment; (3) the trial rights the defendant is waiving; (4) no trial will take place if defendant admits to the convictions; and (5) a challenge to an admission must be raised in a motion in arrest of judgment. *Harrington*, ___ N.W.2d at ___, 2017 WL 1291343, at *5-6. Here, the court's colloquy included all of the requirements, except a discussion of the mandatory minimum sentence. We have already noted the court did not have the benefit of *Harrington* at the time of the colloquy.

The district court engaged in a colloquy to determine whether Wade's admission to the previous convictions for domestic abuse assault was knowing and voluntary. Wade has not shown he received ineffective assistance because defense counsel did not object on the ground there should have been a fuller colloquy, as now required by *Harrington*, ___ N.W.2d at ___, 2017 WL 1291343, at *5-6.

**C.** In his claims regarding hearsay statements by Batterson, Wade raised an alternative argument, claiming if error had not been preserved, this was due to the ineffective assistance of counsel. We determined Wade did not preserve error on his claim Batterson should not have been permitted to testify

C.B. told Batterson she was assaulted by Wade, and we now address this issue as a claim of ineffective assistance of counsel.

During the trial, Batterson testified C.B. indicated she had been hanging out with her ex-boyfriend, they had an argument, and after that her memories were spotty. When specifically asked if C.B. reported she had been assaulted by her ex-boyfriend, Batterson replied, "She didn't remember being hit at that time. She remembered feeling fearful that she was scared of him, but she—she couldn't recall the events. She had no memory other than kind of those spotty places that she could report to me." Batterson testified C.B.'s injuries were consistent with an assault.

We first note Batterson did not directly testify C.B. told Batterson she had been assaulted by Wade. Even if Batterson had testified to this, however, the testimony would have been cumulative to other evidence in the record showing Wade assaulted C.B. Where substantially the same evidence is in the record, the improper admission of hearsay evidence will not be considered prejudicial. *See Brown*, 656 N.W.2d at 361. Wade has not shown he received ineffective assistance due to defense counsel's failure to object to Batterson's testimony on hearsay grounds.

## IV. Court Costs

Wade claims the district court improperly assessed him court costs for Count II, which was dismissed. The State agrees the assessment of costs was improper under sections 815.13 and 910.2. We determine the assessment of court costs should be vacated and the matter remanded to the district court.

We affirm Wade's conviction for domestic abuse assault, third or subsequent offense. We vacate the assessment of court costs and remand on this issue to the district court.

**CONVICTION AFFIRMED, SENTENCE VACATED IN PART AND REMANDED.**