## IN THE COURT OF APPEALS OF IOWA

No. 16-0096
Filed May 17, 2017

**SOMVANG MEKSAVANH,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____


Appeal from the Iowa District Court for Black Hawk County, Stephen C.

Clarke, Judge.


Somvang Meksavanh appeals the denial and dismissal of his application

for postconviction relief. **AFFIRMED.**


Edward W. Bjornstad of Bjornstad Law Office, Spirit Lake, for appellant.

Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant

Attorney General, for appellee State.


Considered by Vogel, P.J., and Doyle and McDonald, JJ.

**DOYLE, Judge.**

In 2011, Somvang Meksavanh was convicted, as a second and habitual offender, of possession of more than five grams of methamphetamine with the intent to deliver, as well as failure to affix a drug tax stamp. *See State v. Meksavanh*, No. 12-1878, 2014 WL 3749356, *1-3 (Iowa Ct. App. July 30, 2014). We affirmed his convictions on appeal and preserved his ineffective-assistance-of-counsel claims for postconviction-relief (PCR) proceedings. *See id.*

After Meksavanh filed an application[1] for PCR, a hearing was held in 2015. Thereafter, the district court entered its order denying and dismissing Meksavanh's PCR application, finding Meksavanh's trial counsel provided Meksavanh effective assistance. Meksavanh now appeals, arguing his trial counsel was ineffective (1) for permitting him to stipulate to his prior convictions "without investigation and analysis of the underlying convictions," and (2) in failing to advise him concerning the immigration consequences of entering a guilty plea. Our review of ineffective-assistance-of-counsel claims is de novo. *See More v. State*, 880 N.W.2d 487, 498 (Iowa 2016); *Nguyen v. State*, 878 N.W.2d 744, 750 (Iowa 2016).

To succeed on a claim of ineffective assistance of counsel, a PCR applicant "must prove by a preponderance of evidence '(1) his trial counsel failed to perform an essential duty, and (2) this failure resulted in prejudice.'" *Rhoades*

---

[1] Meksavanh filed a pro se PCR application in 2013. He filed a second application for PCR in December 2014. Though both applications concerned his 2011 convictions, the applications were assigned separate case numbers in district court. However, both applications were heard by the district court in one PCR proceeding, and the court's subsequent ruling denied and dismissed both PCR applications. Meksavanh then appealed both PCR cases, and our supreme court consolidated the cases upon Meksavanh's motion. Consequently, though we recognize there were two PCR cases, we refer to the matter in the singular.

*v. State*, 848 N.W.2d 22, 28 (Iowa 2014) (citation omitted).  If Meksavanh cannot establish both elements, his claim fails; thus, if we find one element lacking, we need not address the other element.  *See State v. Schlitter*, 881 N.W.2d 380, 388 (Iowa 2016).  "[I]t is the applicant's burden to present facts establishing inadequate representation."  *King v. State*, 797 N.W.2d 565, 571 (Iowa 2011).

**Stipulation to Prior Convictions.**  Meksavanh asserts that he was prejudiced by his trial attorney's failure to "investigate the circumstances surrounding [his] two prior convictions."  He essentially argues that had his trial attorney investigated the convictions, the attorney would have learned Meksavanh had "limited language skills" and probably did not understand the consequences of the guilty pleas he entered in the prior cases.  Even assuming this claim was preserved for our review, the claim fails on its merits.[2]

Meksavanh was convicted of two felonies in 1997, and the statute of limitations to challenge his guilty pleas for lack of understanding had long since passed by the time of his 2011 convictions.  *See Nguyen*, 878 N.W.2d at 751 (discussing the statute of limitations for PCR actions set forth in Iowa Code section 822.3).  Consequently, once the State alleged in the trial information that

---

[2] As the State notes—and we cannot stress this enough—filing a notice of appeal "has nothing to do with error preservation."  *State v. Lange*, 831 N.W.2d 844, 846-47 (Iowa Ct. App. 2013); *see also* Thomas A. Mayes & Anuradha Vaitheswaran, *Error Preservation in Civil Appeals in Iowa: Perspectives on Present Practice*, 55 Drake L. Rev. 39, 48 (Fall 2006).  Rather, error preservation generally requires an issue "to be both raised and decided by the district court before we will decide them on appeal." *Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012) (citation omitted).  But because "finding that [PCR] counsel below failed to preserve error by filing a motion [seeking a ruling] would simply pave the way for another application for [PCR], alleging ineffective assistance by [PCR] counsel," *id.* at 865, and because "[i]neffective-assistance-of-counsel claims are not bound by traditional rules of error preservation," *Nguyen*, 878 N.W.2d at 750, we elect to bypass the error-preservation concern.  *See also State v. Taylor*, 596 N.W.2d 55, 56 (Iowa 1999) (bypassing an error-preservation problem and proceeding to the merits of the appeal).

Meksavanh was subject to an increased sentence under the Iowa Code because of one or more prior convictions, Meksavanh was only entitled to an "opportunity in open court to affirm or deny that the offender is the person previously convicted, or that the offender was not represented by counsel and did not waive counsel." Iowa R. Crim. P. 2.19(9). Meksavanh did not and does not claim the 1997 convictions were *not* his convictions or that he lacked representation in those matters. Therefore, his counsel had no duty to further investigate his prior convictions charged by the State or to challenge the convictions' existence. *See id.*; *State v. McBride*, 625 N.W.2d 372, 375-76 (Iowa Ct. App. 2001); *see also Millam v. State*, 745 N.W.2d 719, 721-22 (Iowa 2008) ("Trial counsel has no duty to raise an issue that has no merit."). Similarly, Meksavanh was not prejudiced by the "failure" because further investigation of the prior convictions would not have prevented him from receiving an enhanced sentence. *See McBride*, 625 N.W.2d at 375-76. Because Meksavanh failed to establish either element—duty or prejudice—of an ineffective-assistance-of-counsel claim, the claim fails as a matter of law.

**Rejection of Guilty-Plea Offer and Immigration.** Meksavanh also claims his counsel rendered ineffective assistance because he was not advised of the immigration consequences related to entering a guilty plea.[3] More specifically, he maintains that "while he may have been advised of his rights from a guilty plea, he was not advised during the plea deal process." Regarding this point, the PCR court found and concluded:

---

[3] As with his other ineffective-assistance-of-counsel claim, Meksavanh merely points to the filing of the notice of appeal as establishing error was preserved. Bypassing error-preservation concerns, we address the claim as asserted.

In the present case, [Meksavanh] did not plead guilty; he was found guilty following a bench trial. [Meksavanh's trial counsel] testified he advised [Meksavanh] of possible deportation consequences. Assuming, without deciding, that trial counsel failed to advise [Meksavanh] of deportation consequences, [Meksavanh] failed to establish prejudice. [Meksavanh] rejected the plea offer and proceeded to trial. Even if [Meksavanh] had not been informed of deportation consequences of a plea, he did not accept the plea and therefore could not be prejudiced. As [Meksavanh] has failed to establish prejudice his claim must fail.

Upon our review of the record, we agree.

Meksavanh also claims, because of the complicated nature of immigration issues, he should have had an interpreter during the plea negotiations.

Regarding the interpreter issue, the PCR court found:

[Meksavanh's trial attorney] testified he never had difficulty communicating verbally with [Meksavanh] in English. Transcripts reflect that [Meksavanh] spoke to the judge in English during colloquies at the trial, verdict, and hearings regarding prior convictions, and the sentencing. [Meksavanh] made no statements regarding either his inability to understand English, nor did he ever request an interpreter. [Meksavanh] has provided no evidence to support that an interpreter was necessary during sessions with trial counsel or court proceedings.

The PCR court concluded:

On these facts, the court does not find [Meksavanh] had difficulty speaking in English or ever attempted to communicate such a difficulty. Therefore, trial counsel was not ineffective for failing to secure the services of an interpreter. The court also notes it is unaware of any presumption that an interpreter is required simply based on a defendant's country of birth, despite [Meksavanh's] . . . insinuation. As [Meksavanh] failed to provide any supporting evidence, trial counsel cannot be found ineffective for not utilizing an interpreter.

Upon our review of the record, we agree.

Finally, Meksavanh now claims his counsel should have advised him "in the plea negotiations to accept a plea." This argument also lacks merit.

To show prejudice, Meksavanh was required to establish the outcome of the plea process would have been different but for counsel's alleged error. *See Dempsey v. State*, 860 N.W.2d 860, 869 (Iowa 2015). However, there is nothing in the record or PCR-hearing transcript concerning the plea negotiations related to the 2011 convictions. There is not even a self-serving statement by Meksavanh that he would have pled guilty had he been so advised. Consequently, Meksavanh failed to establish he was prejudiced, and his ineffective-assistance-of-counsel claim on the subject fails as a matter of law.

For all the foregoing reasons, we affirm the district court's denial and dismissal of Meksavanh's PCR application.

**AFFIRMED.**